Weldon, J.,
delivered the opinion of the court:
This case as presented by the amended petition is a proceeding seeking pay from the defendants, for the value of land appropriated and used by them in the improvement of the Muskingum Biver, in the State of Ohio.
The State, after having spent large sums of money in the improvement of the Muskingum Biver, in the year 1886, transferred it with all its appurtenances to the United States, and the United States upon acceptance of such transfer continued the policy, of improvement and have spent large sums of money, which from time to time have been appropriated by Congress.
In the year 1889 the officers and agents of the United States, in pursuance of such policy of improvement, appropriated and have since permanently occupied the land of the claimant, recognizing at the time of such appropriation that the land belonged to the claimant, and that the United States did not lay any claim to it as public property. The value of the land at the time of the taking was $1,050, upon which the United States have paid $360, leaving a balance of $690. Whatever may have been thought of the jurisdiction of this court in its early history, in cases where private property has been taken in the exercise of the right of eminent domain, it is now well settled by many decisions of the Supreme and this *172 court that upon tbe taking, as incident to tbe exercise of tbe power.of eminent domain, there arises an implied contract, upon wbicb a suit may be brought and successfully maintained in this court. Tbe cases are so numerous settling tbe law in favor of tbe right to recovery that it is unnecessary to cite them. Tbe judgment of tbe court is that tbe claimant recover tbe sum of $690.